IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBORAH R. ADOLFSSON, individually and
on behalf of P.E.A., a minor                                                    PLAINTIFF

v.                                          Case No. 3:12-CV-03117

HAROLD WALTER MCKAY, III;
AMY LEE MCKAY; DAVID ETHRIDGE; and
ETHRIDGE AND COPELAND                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants David Ethridge and the law firm of Ethridge and Copeland's

Motion to Dismiss (Doc. 14) and Defendants Harold Walter McKay, III and Amy Lee McKay's

Motion to Dismiss (Doc. 15), both of which are accompanied by the same Brief in Support (Doc.

16).   Also pending is Plaintiff's Motion to Convert Complaint to a Petition for Habeas

Corpus/Motion to Extend Time to Respond to Defendants' Motions to Dismiss (Doc. 17).[1]

The Court begins its analysis by examining Plaintiff's Motion to Convert Complaint to a

Petition for Writ of Habeas Corpus (Doc. 16).  This Motion is DENIED, as there is no basis in fact

or in law for a writ of habeas corpus to enter in this matter.  According to Black's Law Dictionary

778 (9th ed. 2009), a writ of habeas corpus "[i]n addition to being used to test the legality of an arrest

or commitment . . . may be used to obtain judicial review of (1) the regularity of the extradition

process, (2) the right to or amount of bail, or (3) the jurisdiction of a court that has imposed a

---

[1] Plaintiff is proceeding pro se.  Though she styles her Motion (Doc. 17) as both a request to convert her Complaint to a petition for writ of habeas corpus and to extend the time for her to respond to Defendants' Motions to Dismiss, a careful reading of Plaintiff's Motion reveals that Plaintiff has, in fact, substantively responded to the legal arguments contained in Defendants' Motions to Dismiss (Docs. 14-16).  Therefore, the Court will treat Plaintiff's Motion to Convert Complaint to a Petition for Habeas Corpus/Motion to Extend Time (Doc. 17) as both a petition for writ and a response in opposition to Defendants' Motions to Dismiss (Docs. 15 and 16).

criminal sentence."  Here, none of the conditions justifying a petition for writ of habeas corpus are present, as neither Plaintiff nor her daughter, P.E.A., have been detained as prisoners of the state. Instead, Plaintiff alleges that two private individuals, Defendants Harold Walter McKay, III and Amy Lee McKay ("the McKays"), are holding P.E.A. prisoner in their home.  There is an ongoing domestic relations proceeding in the Circuit Court of Baxter County, Arkansas, concerning the guardianship and adoption of P.E.A., who is a 13-year-old child and Plaintiff's biological daughter. These state proceedings do not involve P.E.A.'s detention by the state either in jail or in a mental institution.  It is clear to the Court that Plaintiff has strong objections to the determinations of the Circuit Court that have been made thus far in those proceedings; however, this Court is not the proper forum to make such objections or to substantively litigate matters involving state domestic relations law.

As for Defendants' Motions to Dismiss (Docs. 14 and 15), the Court finds that they should be GRANTED and this case dismissed due to the Court's lack of subject matter jurisdiction.  Here, Plaintiff asserts two alternative bases for federal jurisdiction.  The first is the existence of a federal question, pursuant to 28 U.S.C. § 1331; and the second is diversity of citizenship, pursuant to 18 U.S.C. § 1332(a).

With regard to the presence of a federal question, Plaintiff fails to state any valid claims under federal law.  She alleges a "Denial of Equal Access to the Courts and Due Process Opportunity to Defend and Present Evidence in Violation of 42 U.S.C. § 1981, Actionable under 42 U.S.C. §§ 1983, 1988(a);" however, § 1981 prohibits race discrimination in the making and enforcing of contracts, and the Complaint is devoid of any facts that can be construed to assert a claim of race discrimination; § 1983 permits a civil action for the deprivation of constitutional rights by a person

acting under color of state law, but the Complaint fails to allege that any Defendants acted under color of state law; and § 1988 is a statute that provides for reimbursement of attorneys' fees to plaintiffs who prevail under § 1983.  To the extent Plaintiff alleges that Defendant Ethridge or his law firm acted under color of state law in providing legal representation to the McKays, the Complaint fails to state that Defendant Ethridge or his law firm is or was employed by the state or conspired with any state official in the course of representing the McKays in the above-mentioned Circuit Court guardianship proceeding against Plaintiff.   The law is clear that an attorney cannot be held liable under § 1983 for merely acting as an individual's counsel.  *Watertown Equipment Co. v. Norwest Bank Watertown*, N.A., 830 F.2d 1487, 1496 (8th Cir. 1987) (attorney can only be held liable under § 1983 when conspiring with a state official in depriving an individual of his or her constitutional rights).

Plaintiff also attempts to state a claim under the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ("PKPA"), alleging that the McKays kidnapped her minor daughter, P.E.A., and are subjecting her to physical and sexual abuse.  Plaintiff further alleges that a valid order of the Pasco County Florida Domestic Relations Court places custody of P.E.A. with Plaintiff's mother. According to the United States Supreme Court, the PKPA, which is a federal statute that requires states to afford full faith and credit to valid child custody determinations made in other states' courts, does not provide a private right of action in federal court.  *Thompson v. Thompson*, 484 U.S. 174, 187 (1988) ("In sum, the context, language, and history of the PKPA together make out a conclusive case *against* inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid.") (emphasis added).  Accordingly, Plaintiff has failed to state a claim

pursuant to the PKPA and, further, has stated no other valid federal claims sufficient to meet the jurisdictional requirements of 28 U.S.C. § 1331.

Complete diversity of citizenship is also lacking in the case at bar pursuant to 18 U.S.C. § 1332(a). "It is Plaintiff's burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction." *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Plaintiff states affirmatively in her Complaint that all Defendants are citizens of Arkansas. However, Plaintiff maintains that she "was and remains a citizen of the State of Florida." (Doc. 4, para. 8). She further admits that "[s]he came to Arkansas in August and September of 2010 to visit with her elderly mother and minor daughter [P.E.A., who was already permanently residing in Arkansas]" and has been residing in Arkansas ever since. Accordingly, from the face of the Complaint, the Court concludes that Plaintiff has been living continuously in Arkansas for approximately the last three years. Citizenship for diversity purposes must be determined by an individual's physical presence in the forum state with the intent to remain there indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "Intention to remain there permanently, however, is not necessary." *Id.* Accepting as true all of the factual allegations contained in the Complaint, the Court finds that Plaintiff has failed to meet her burden of pleading the existence of diversity jurisdiction. Without a legal basis for federal jurisdiction arising from either a federal question or complete diversity of citizenship, the Court must dismiss this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Convert Complaint to a Petition for Habeas Corpus/Motion to Extend Time to Respond to Defendants' Motions to Dismiss (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that Defendants David Ethridge and the law firm of Ethridge

and Copeland's Motion to Dismiss (Doc. 14) and Defendants Harold Walter McKay, III and Amy

Lee McKay's Motion to Dismiss (Doc. 15) are both GRANTED, and this case is dismissed without

prejudice.

IT IS SO ORDERED this 8th day of April, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE